## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| SANDRA COLLIER-FLUELLEN, | * | |
| Claimant | * | |
| v. | * | CASE NO. 4:08-CV-32-CDL-GMF |
| | | Social Security Appeal |
| MICHAEL J. ASTRUE, | * | |
| Commissioner of Social Security, | | |
| | * | |
| Respondent. | | |
| | * | |

## REPORT AND RECOMMENDATION

Presently pending before the court is Respondent's motion to dismiss, or in the alternative, motion for summary judgment, seeking to dispose of Claimant's Complaint on grounds that the Complaint was untimely filed. (Doc. 12). On June 15, 2008, the court granted Claimant's motion to stay proceedings while Claimant sought an extension of time from the Appeals Council to file this civil action, as an Appeals Council extension would render Respondent's motion moot. (Doc. 14). In response to the court's January 7, 2010 order for a status report, Claimant's counsel informed the court that the Appeals Council denied Claimant's request for an extension; Claimant's counsel therefore responded to Respondent's motion. (Doc. 17 at 3). Accordingly, the stay of proceedings in this case should be lifted, and Respondent's motion is now ripe for decision.

## LEGAL STANDARDS

Respondent moves to dismiss this action on grounds that Claimant has failed to state

a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 12 at 1). Alternatively, Respondent contends that the presently pending motion may be treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Id.* Thus, as a preliminary matter, the court must decide how to construe Respondent's motion.

"Whether or not a district court will utilize the 12(b)(6) standard or Rule 56 standard will depend on whether the district court considered matters outside the pleadings." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). Rule 12(b)(6) typically requires a court to ascertain from the face of the complaint whether a plaintiff has stated a claim upon which relief could be granted. *Id.* "Once the court considers matters outside the complaint, the 12(b)(6) motion to dismiss converts into a motion for summary judgment." *Id.*; *see also* Fed. R. Civ. P. 12(d). Because the parties ask the court to consider matters outside the pleadings, Respondent's motion should be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Garcia*, 104 F.3d at 1266 n.11.

Summary judgment can only be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the nonmoving party, the nonmoving party cannot rest on its

2

pleadings to present an issue of fact but must respond to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

The moving party bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir.1992).

If the moving party successfully meets this burden, the burden then shifts to the nonmoving party to establish, by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The Federal Rules of Civil Procedure provide:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). An issue is "genuine" if the evidence is such that a reasonable jury could find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A fact is "material" if it is relevant or necessary to the outcome of the suit. *Id.* Ultimately, summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *accord Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384, 1387-88 (11th Cir. 1991), *cert. denied*, 502 U.S. 925 (1991).

## FACTUAL AND PROCEDURAL HISTORY

Claimant applied for Disability Insurance Benefits ("DIB") on March 6, 2001. (Doc. 17-3 at 1). Claimant's application was denied, and on September 27, 2001, Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). (Doc. 17-2 at 1). The state agency ultimately denied Claimant's claim on reconsideration on September 19, 2002. (Doc. 17-3 at 1). The Claimant properly requested an ALJ hearing, and during the three-year period between November 2002 and May 2006, the ALJ held this hearing and denied the claim. *Id.* The Appeals Council subsequently remanded the case for a second ALJ hearing because the exhibit file and hearing recording from the initial hearing had been lost. *Id.* Also during this three-year period, the time in which Claimant could have sought reopening of her claim apparently expired. (*See* Doc. 17 at 10-11). On May 23, 2006, an ALJ held a second hearing. (Doc. 17-3 at 1). The ALJ again denied the claim on October 27, 2006, (Doc. 17-3 at 12), and the Appeals Council denied Claimant's request for review in an order dated January 4, 2008, (Doc. 17-4 at 1).

Claimant's original counsel through the administrative process received the Appeals

4

Council denial on January 14, 2008, and stamped it "received" on that date. (Phillips Decl. ¶ 2, Jan. 20, 2010). Claimant's original counsel then faxed the ALJ denial and the denial of review to Claimant's current counsel. *Id.* ¶¶ 3, 4. Claimant's current counsel misread the stamped "received" date as the Appeals Council's issuance date and consequently calendared his filing deadline as 65 days from January 14, 2008. *Id.* ¶ 5. Claimant's current counsel then filed the Complaint and summons on March 19, 2008—sixty-five days after January 14, 2008, but seventy-five days after the presumptive date of receipt. *Id.* The clerk issued the summons on March 20, 2008, and Claimant's current counsel served the summons and complaint on the Commissioner the same day. (Doc. 17 at 4).

## DISCUSSION

Claimant contends that the circumstances of this case weigh in favor of equitable tolling.[1] "It is by now axiomatic that the United States is immune from suit save as it consents to be sued, and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (internal quotation marks omitted). In 42 U.S.C. § 405(g), Congress determined how and when a social security claimant may sue the United States for judicial review of a final decision in his or her case:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the

---

[1]Claimant does not appear to challenge the refusal of the Appeals Council to grant the extension of time in this case, as such refusal is not subject to judicial review. *See Stone v. Heckler*, 778 F.2d 645, 649 (11th Cir. 1985); *see also Waller v. Comm'r of Soc. Sec.*, 168 F. App'x 919, 920-21 (11th Cir. 2006) (per curiam).

amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . .

In a relatively recent opinion, the Eleventh Circuit held that "while we believe the law is well-settled that equitable tolling may apply to § 405(g)'s statute of limitations, before a court may do so it must apply 'traditional equitable tolling principles.'" *Jackson*, 506 F.3d at 1355. The court further explained that "traditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment" before a court may find a claimant entitled to equitable tolling. *Id.*; *see also Waller*, 168 F. App'x at 921 (noting that "equitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her," and courts typically "require some *affirmative misconduct*, such as deliberate concealment" before applying equitable tolling principles (internal quotation marks omitted)). The *Jackson* Court ultimately held that the *pro se* claimant was not entitled to equitable tolling when she mistakenly filed her suit seeking judicial review of her SSI claim in state court rather than in the appropriate federal district court. *See Jackson*, 506 F.3d at 1355.

Claimant argues that the equities of her case weigh in favor of equitable tolling. In particular, Claimant argues that she will suffer extraordinary harm if her case is dismissed. Claimant's claim is for DIB only, and her date last insured was December 31, 2001.

6

Accordingly, Claimant argues, "she does not have the option of pursuing a new claim alleging onset of disability after the ALJ's administratively-final decision." (Doc. 17 at 10). Moreover, Claimant submits that she would be prevented from reopening her case for the presentation of new and material evidence because such reopening "may be pursued only for four years after the *initial* denial of a Disability Insurance Benefits claim," and this four-year period has long since expired. (Doc. 17 at 11). Claimant also argues that in addition to the potential loss of cash benefits in her case, she will lose the Medicare coverage that would accompany an award of DIB. *Id.* Further, Claimant contends that the slight delay in filing will not materially affect the speedy resolution of her claim, particularly in light of the substantial delays already imposed by the Commissioner in this case. (*See* Doc. 17 at 9). Finally, Claimant argues that her current counsel's speedy service on the Commissioner demonstrates her diligence in pursuing her claim and the fact that her delay "made the claim no staler than the Commissioner's 1,900-day delay had already made it[.]" (*See* Doc. 17 at 8).

While it is true that denying Claimant's request for equitable tolling will likely subject her to harm, the standard for granting equitable tolling in the Eleventh Circuit is clear: the court must apply traditional equitable tolling principles, and these principles require the claimant to demonstrate extraordinary circumstances that warrant application of the doctrine. *See Jackson*, 506 F.3d at 1353. The Eleventh Circuit has plainly held, in a number of contexts, that "[m]ere attorney negligence does not justify equitable tolling." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period

7

or mistake is not a basis for equitable tolling."); *Gant v. Jefferson Energy Co-op*, No. 08-17238, 2009 WL 2993827, at *2 (11th Cir. Sept. 21, 2009) (per curiam) (holding in a Title VII case that "equitable tolling does not apply in [the plaintiff's] case because the negligence of an attorney will not excuse lack of timeliness"); *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008) (finding that "[a]ttorney negligence, even gross negligence, does not warrant equitable tolling" in a federal habeas case); *Jackson*, 506 F.3d at 1356 (noting that "this Court has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test"); *see also Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (rejecting habeas petitioner's argument that his attorney's mistake in miscalculating the limitations period justified equitable tolling and noting that "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline"); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.").  The Eleventh Circuit has further observed:

> "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation."

*Jones v. United States*, 304 F.3d 1035, 1039 n.9 (11th Cir. 2002) (alteration in original) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  While the court is cognizant of the scope of Claimant's potential loss in this case, the loss of a potentially

8

meritorious claim "is always the consequence when a statute of limitations applies." *Dedmon v. Falls Prods., Inc.*, 299 F.2d 173, 178 (5th Cir. 1962).  Binding Eleventh Circuit precedent precludes the application of equitable tolling in this case.

**WHEREFORE**, it is the recommendation to the United States District Judge that the motion to dismiss, or in the alternative, motion for summary judgment, filed by the Commissioner of Social Security be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 22nd day of February, 2010.

**S/ G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**

mkw