IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SANDRA COLLIER-FLUELLEN,          *

          Plaintiff,              *

vs.                               *

                                          CASE NO. 4:08-CV-32 (CDL)
MICHAEL J. ASTRUE, Commissioner   *
of Social Security,
                                  *

          Defendant               *
_____   *


ORDER ON REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE


After a *de novo* review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on February 22, 2010 is hereby approved, adopted, and made the Order of the Court.  After a thorough review, the objections of the Plaintiff have been considered and are found to be without merit.

Sympathetic to the Plaintiff's plight given the harsh consequences of this ruling and with an understanding that the purpose of the statute under which Plaintiff seeks relief is protective of a claimant's right to collect benefits when qualified to do so, the Court carefully examined the binding precedent in this Circuit on the issue of equitable tolling and concludes that to allow equitable tolling in this case would be in direct conflict with the Eleventh Circuit's decision in *Jackson v. Astrue,* 506 F.3d 1349 (11th Cir. 2007).  In *Jackson,* the Court made it clear that in order for equitable tolling to apply, "extraordinary circumstances" must exist that excuse plaintiff's untimely filing.  No such "extraordinary circumstances" exist here.  The only reason given for failing to file

this action within the limitations period is that Plaintiff's attorney made a mistake as to when the limitations period expired. No allegation is made that Defendant contributed to Plaintiff's mistake as to when the action must be filed; nor is any allegation made that Defendant misled Plaintiff or her counsel in any way as to her legal rights and obligations.  Plaintiff's counsel simply misread the date that the final action was issued, which started the running of the limitations period.  In *Jackson,* the Court found that a *pro se* litigant's mistake of filing the action in the wrong court within the limitations period was not sufficiently extraordinary to toll the limitations period.  It is clear under the *Jackson* rationale that a simple, albeit devastating, mistake by a party's attorney is likewise not an "extraordinary circumstance" authorizing equitable tolling.

Plaintiff emphasizes Defendant's delay in the processing of her claim prior to the Defendant's final action which started the running of the limitations period.  While that delay does appear unusual, there is no indication that it contributed in any way to Plaintiff's failure to file this action within the limitations period.  Although the delay may have reduced Plaintiff's options to ameliorate the harsh consequences of failing to file this action in a timely manner, that delay played no role in the untimely filing itself, and thus, the Court finds was not the type of extraordinary circumstance that would authorize equitable tolling.  For all of these reasons, the Court concurs with the Magistrate Judge that Plaintiff's action is untimely as a matter of law and must be dismissed.

IT IS SO ORDERED, this 23rd day of March, 2010.


S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE